EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
Ronald Reagan Federal Bldg & U.S. Courthouse
411 West 4th Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3592
Facsimile: (714) 338-3708
E-mail: gregory.scally@usdoj.gov

Attorneys for Complainant
UNITED STATES OF AMERICA

FILED

2016 JUN 10 AM 10:44

CV 16-04127-CAS-E

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>FABIAN JALILVAND TEHRANI,<br><br>A Fugitive from the Government of Germany. | CV No.<br><br>GOVERNMENT'S FILING OF (1) REQUEST FOR EXTRADITION AND (2) REDACTED COPY OF FORMAL EXTRADITION PAPERS<br><br>[18 U.S.C. § 3184] |

The fugitive, FABIAN JALILVAND TEHRANI ("TEHRANI"), having been arrested pursuant to an arrest warrant issued on May 17, 2016, by the Honorable Karen E. Scott, United States Magistrate Judge, and having come before this Court for an initial appearance on June 2, 2016, before the Honorable Rozella A. Oliver, United States Magistrate Judge, complainant United States of America hereby (1) files the redacted copies of the original formal extradition papers and diplomatic note without the accompanying copy of the Treaty and Protocol that were already filed as exhibits to the

Complaint in this matter, and (2) requests the extradition of the fugitive to the Government of Germany.

Filed concurrently herewith is the Government's Application for Order Allowing Filing Under Seal, Without Copies or Service of Original Formal Extradition Documents.

Under the procedures of this Court, this extradition matter, under a new civil docketing number, should be assigned to a United States District Judge and United States Magistrate Judge for further extradition proceedings.

Dated: June 10, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/
GREGORY S. SCALLY
Assistant U.S. Attorney

Attorneys for Complainant
United States of America

INTRADUCT®
Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

The Leading Senior Prosecutor
in Aachen

The Leading Senior Prosecutor, P. O. Box 10 17 16, 52017 Aachen

To the
Competent judicial authority
in the United States

Date: June 25, 2014
Page 1 of 8

Our reference:
903 AR 57/12
(804 Js 1052/11)
(Please quote in all correspondences)

Telephone +49 241 9425 – 53103
Facsimile +49 241 9425 – 83112

**Request for the extradition**
**of the Swedish citizen**
**Fabian Jalilvand Tehrani**

I.

I, Helmut Hammerschlag, am a citizen of the Federal Republic of Germany and have been serving as a leading senior prosecutor in the state of North Rhine Westphalia in the city of Aachen since November 28, 2013. My present official duties include the criminal prosecution of people that are accused of violating the provisions of the criminal laws of the Federal Republic of Germany.

In the course of exercising my official duties as a leading senior prosecutor, I have – within the scope of extensive investigations on suspicion of commercial fraud and the commercial falsification of documents – become aware of accusations and evidences in the investigative proceedings bearing the reference number 804 Js 1052/11 conducted by my office against the Swedish citizen

Fabian Jalilvand Tehrani
born on [redacted] in [redacted]

that I am handling.

With this request, we are applying for the extradition of the wanted person Fabian Jalilvand Tehrani, from the United States for the purpose of prosecution including the subsequent main hearings before the com-

House and Delivery address
- Justizzentrum Aachen -
Adalbertsteinweg 92
52070 Aachen
Telephone: 0241 9425 - 0
Fax: 0241 9425 - 83149
verwaltung@sta-aachen.nrw.de
www.sta-aachen.nrw.de

Consultation hours: Mon. – Fri. 08:30 – 12:00, Mon – Thurs. 14:00 – 15:00 and Fri. 14:00 – 14:30 hrs

Public means of transport: ASEAG, also Lines 12, 23, 55 to Josefskirche/Justizzentrum

INTRADUCT®
Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95[illegible]o@intraduct.de

The Leading Senior Prosecutor
in Aachen



petent court of jurisdiction.

II.

The investigations were triggered by several money laundering-related suspicious activity reports filed by several banks in the years 2010 and 2011, which indicated that the bank accounts of the wanted person Fabian Jalilvand Tehrani and his father, the separately prosecuted Saeed Djalilvand Tehrani, showed conspicuous cash transactions. Moreover, it was uncovered amongst others, that the separately prosecuted Saeed Djalilvand Tehrani financed a loan agreement reached with Sparkasse Aachen (Thrift Institution of Aachen) on May 06, 2010, for the purchase of a house in Alsdorf using falsified pay slips and a falsified employment contract, whereby the price of the object was clearly considered excessively overcharged.

On May 18, 2011, the then residential apartment of the separately prosecuted Saeed Djalilvand Tehrani that was located in Altenberger Strasse 4, in Aachen was searched on the basis of a court decision. It was successfully ascertained in the process that the wanted person Fabian Jalilvand Tehrani was also residing there. The wanted person Fabian Jalilvand Tehrani initially identified himself by means of a British driver's license and stated that he was living in Los Angeles where he allegedly worked as a film producer. During the course of the search conducted in the apartment, the Swedish passport of the wanted person Fabian Jalilvand Tehrani (passport number 81099447) was found and it contained no entry stamp into the United States. No legal professional activity in Germany could be ascertained. Extensive items of evidence were seized within the scope of the search particularly several computers and data carriers with falsified pay slips and falsified employment contracts as well as several bank and credit cards.

The evaluation of the extensive documents uncovered that the wanted person Fabian Jalilvand Tehrani and the separately prosecuted Saeed Djalilvand Tehrani had opened accounts with several bank institutions in the period from October 15, 2009 to June 16, 2010 pretending to be willing to make payments, overdrew the accounts and failed to balance them up in accordance with their premeditated *modus operandi* (cases 1 to 5). The accounts of the separately prosecuted Saeed Djalilvand

INTRADUCT®
Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 ... info@intraduct.de

The Leading Senior Prosecutor
in Aachen



Tehrani last showed a deficit balance of EUR 25,220.79 (cases 1 to 3). The respective accounts that were opened by the wanted person Fabian Jalilvand Tehrani on March 04, 2010 had a deficit account balance of EUR 53,009.24 (cases 4 and 5). The suspicion that the wanted person Fabian Jalilvand Tehrani and his father had always acted in concert was initially unveiled in the joint apartment, in which they both had unfettered access to each other's computers and (falsified) documents respectively. Data files of both respective accomplices were found in the computers. There were also several transfers between the accounts of the accomplices. Finally, the wanted person Fabian Jalilvand Tehrani functioned as an interpreter for his father within the scope of the search as well as in one other case (case 7). It is also worthy of notice that both accomplices disappeared after the search to avoid prosecution.

Regarding the purchase of the property mentioned above (case 6), it could be ascertained that the father of the wanted person Fabian Jalilvand Tehrani had concluded a loan agreement with the Sparkasse of Aachen on May 06, 2010 covering an amount of EUR 281,000.00 by feigning solvency and willingness to pay back, for the purpose of financing a property in Hauptstrasse 64-66 in Alsdorf, which was purchased from the separately prosecuted Kemal Birinci at a price of EUR 315,000.00 by virtue of a public notary agreement dated March 24, 2010. For this purpose, he submitted fake pay slips confirming that he was earning higher net wages. Immediately after the disbursement of the loan however, the separately prosecuted Kemal Birinci transferred back the amount of EUR 105,000.00 to the account of the wanted person Fabian Jalilvand Tehrani in Commerzbank. In the subsequent period, the wanted person Fabian Jalilvand Tehrani disposed of the money largely in cash. The separately prosecuted Kemal Birinci stated within the scope of his subsequent interrogation that he sold the house at a price of EUR 210,000.00 and that the public notary agreement was to simply serve the purpose of getting a higher amount of loan from the bank. As premeditated by the parties from the very start, only the initial loan installments were paid; further payments were discontinued after the repayment of EUR 9,429.00.

It was also ascertained that the father of the wanted person Fabian Jalilvand Tehrani attempted to have his credit limit increased at the TARGO Bank in Großkölnstrasse 64 – 66 in Aachen by feigning sol-

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95[illegible]5[illegible]o@intraduct.de

The Leading Senior Prosecutor
in Aachen



vency and a willingness to pay back (case 7). Again, he submitted pay slips for this purpose that had been manipulated in advance by him and the wanted person for the purpose of deliberately and dishonestly feigning a non-existent employment status. As was done in other cases and during the search, the wanted person acted as an interpreter for his father.

It could be finally ascertained that the separately prosecuted Saeed Djalilvand Tehrani purchased a private car (Nissan Juke) on January 28, 2011 and also concluded a loan agreement with the Nissan Bank covering the loan amount of EUR 22,699.94 to finance the purchasing price by feigning solvency and his willingness to pay back; here again, he submitted a falsified statement of earnings to feign an existing employment status with the respective high income. The involvement of the wanted person Fabian Jalilvand Tehrani in this case also followed the same pattern as the circumstances that have already been described above.

The separately prosecuted Saeed Djalilvand Tehrani was successfully arrested in Malmö/Sweden and subsequently handed over to my office on October 24, 2012 on the basis of the manhunt triggered by my office on September 27, 2012. In the appeal proceedings, he was finally condemned to an overall sentence of two years imprisonment in a legally enforceable manner, by the Regional Court of Aachen through the judgment of May 23, 2013 – 72 Ns 43/13 – on four counts of fraud. The other cases described were stayed for reasons of expediency. The judgment was also a confirmation of the investigations as they relate to the wanted person Fabian Jalilvand Tehrani even though his father largely invoked his right to maintain sealed lips during the proceedings.

Investigations on the place of residence of the wanted person Fabian Jalilvand Tehrani have uncovered that he is living in the United States. According to the police of Göteborg/Sweden, the mother of the wanted person stated on August 23, 2012 that her son was living with a girlfriend in the United States and was using the telephone number 0016077349189. On May 05, 2014, Interpol Washington (REF.: 20120929605/CRK) reported that a person that is likely to be the wanted person had filed an immigration application with the Department of Homeland Security (DHS). On June 20, 2014, my office finally received

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45 ... o@intraduct.de

The Leading Senior Prosecutor
in Aachen



information confirming that the person has now been identified and localized.

III.

On May 07, 2014, the Local Court of Aachen issued a warrant of arrest with the reference number 621 Gs 641/14, which states that the wanted person Fabian Jalilvand Tehrani is charged with the offense of (attempted) collaborative commercial fraud on eight counts – committed concurrently with – the offense of collaborative commercial falsification of documents on three counts. This warrant of arrest now substitutes the previous warrant of arrest issued by the Local Court of Aachen and dated June 05, 2012, which does not formally meet the prerequisites of the extradition proceedings. A certified copy of the warrant of arrest of the Local Court of Aachen dated May 07, 2014 (621 Gs 641/14) is attached to this request.

IV.

The provisions of the criminal laws of the Federal Republic of Germany that are relevant to the charges in this case will be listed below. The regulations were in force and valid at the time the offenses were committed and the warrant of arrest was issued. They still remain fully in force and valid.

**Section 22 of the German Penal Code (Attempt)**
A criminal offense is deemed attempted when a person directly sets out to realize the criminal act as planned and conceived.

**Section 23 of the German Penal Code (Punishability of attempts)**
(1) The attempt to commit a crime shall always be punishable, while the attempt to commit an offense shall be punishable if the law so demands explicitly.
(2) and (3) ...

**Section 25 of the German Penal Code (Perpetration)**
(1) ...
(2) Should several persons commit the crime collaboratively, each person shall be punished as a perpetrator (Accomplices).

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 [illegible] o@intraduct.de

The Leading Senior Prosecutor
in Aachen



**Section 52 of the German Penal Code (Concurrence of offenses)**

(1) Should one act violate several criminal laws or the same criminal law on multiple basis, only one punishment shall be recognized.

(2) Should several criminal laws be violated, the punishment shall be determined in accordance with the law threatening the most severe punishment. It shall not be milder than permitted by the other applicable laws.

(3) and (4) ...

**Section 53 of the German Penal Code (Multiplicity of offenses)**

(1) Should someone have committed several criminal offenses that can all be adjudged at the same time and thereby lead to several imprisonments or fines, only one overall punishment shall be accepted.

(2) to (4) ...

**Section 263 of the German Penal Code (Fraud)**

(1) Whoever damages the property of another by feigning wrong facts or distorting true facts and arouses or maintains a faulty situation with the intention of acquiring property advantage for himself/herself or another third party shall be punished by up to five years imprisonment or a fine.

(2) ...

(3) In particularly severe cases, the punishment shall be an imprisonment of six months to ten years. Basically, a particularly severe case shall be deemed given if the offender
   1. acts commercially or as a member of a gang that was formed for the purpose of the continued perpetration of fraud or the falsification of documents,
   2. to 5 ..

(4) to (7) ....

**Section 267 of the German Penal Code (Falsification of documents)**

(1) Whoever produces a fake document, falsifies a genuine document or uses a fake or falsified document for the pur-

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95[...] [...]o@intraduct.de

The Leading Senior Prosecutor
in Aachen



pose of deception in legal transactions shall be punished by imprisonment of up five years or a fine.

(2) ...

(3) In particularly severe cases, the punishment shall be an imprisonment of six months to ten years. Basically, a particularly severe case shall be deemed given if the offender

1. acts commercially or as a member of a gang that was formed for the purpose of the continued perpetration of fraud or the falsification of documents,
2. – 4 ...

(4) ...

The provisions of the criminal laws of the Federal Republic of Germany, in which the statutory limitation for the criminal offenses, for which the wanted person stands accused, is regulated, are listed below. They equally remain fully in force and valid.

**Section 78 of the Penal Code (Period of statutory limitation)**

(1) Statutory limitation shall exclude the punishment of offenses and the ordering of actions Section 11, subsection 1, item 8). ...

(2) ...

(3) In case of the statutory limitation or prosecution, the period of limitation shall be

1. – 3. ...
4. five years for offenders that are threatened in maximum cases, with imprisonment of more than one year to five years,
5. ...

(4) The period shall be based on the punishment threatened by the law, whose elements constitute the offense without regard for aggravations or mitigations that are designated in accordance with the regulations of the general part or for particularly severe or less severe cases.

**Section 78 c of the Penal Code (Interruption)**

(1) Statutory limitation shall be interrupted through

1. to 4. ...

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 2015 [illegible] info@intraduct.de

The Leading Senior Prosecutor
in Aachen



5. warrant of arrest, order of commitment to a health institution, writ of attachment and court decisions upholding them,
6. to 12 ...

V.

A photocopy of the passport (also submitted to the respectively defrauded banks) of the wanted person Fabian Jalilvand Tehrani is attached to this request. Finger prints or deoxyribonucleic acid profile of the wanted person are not available to us.

VI.

I hereby declare to the best of my knowledge that the foregoing is the truth. Given the above submissions, I humbly apply on behalf of the Federal Republic of Germany, for the extradition of the Swedish citizen

Fabian Jalilvand Tehrani
born on [redacted] in [redacted]

for the purpose of prosecution.

I have done my utmost to provide all relevant information that is required for the approval of the extradition request.

Should the US authorities deem further information necessary with regards to the approval of the request, I humbly ask to be granted the opportunity to provide the required additional information before a final decision is taken on the issue.

pp
Signed: (Signature illegible)
(Fuchs)

Round stamp imprint:
The Leading Senior Prosecutor/
(Emblem) / in Aachen

**Attachments**
1. Warrant of arrest of the Local Court of Aachen dated May 07, 2014
2. Photocopy of passport

Bochum, June 26, 2014

I hereby certify the foregoing to be a true and correct translation from German into English

Friday Agbonlahor, M.A. • Landgericht Frankfurt a.M. • Übersetzer Allg. Beeid. Dolmet. Englisch & Edo
316E-109-10

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

Local Court of Aachen — Aachen, May 07, 2014

Adalbertsteinweg 92
52070 Aachen

Exchange: 0241/9425-0
Officer-in-charge: 0241/9425-30262
Facsimile: 0241/942580001

**Reference number:** (Please quote in all correspondences!)
621 Gs-901 Js 1052/11-641/14

## Warrant of arrest

Confinement to investigative custody has been ordered

against the accused person

Fabian Jalilvand Tehrani,
born on [redacted] in [redacted],
presently without permanent residence,
Swedish citizen

with the concurrent annulment of the warrant of arrest dated June 05, 2012 (Reference number 621 Gs 651/12).

He is being accused
of damaging the property of a third party
in the period from October 15, 2009 to April 12, 2011
in Aachen and other locations

in 8 independent offenses

in collusion with the separately prosecuted Saeed Djalilvand Tehrani

with the intention of unlawfully acquiring pecuniary gains for himself or a third party by provoking a mistake in the aftermath of a fraudulent misrepresentation and ended up acting commercially leaving it at a mere attempt in one case (case 7)

and executing three cases (cases 6-8) concurrently with the above

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

by providing a forged document for the purpose of deception in legal transaction while acting on commercial basis.

Cases 1 – 5:
The accused Fabian Jalilvand Tehrani and his father Saeed Djalilvand Tehrani opened several bank accounts following a jointly conceived plan of criminal action by fraudulently indicating their willingness to make payment with the intention of subsequently overdrawing the accounts in a concerted action without balancing them and thus jointly acquiring pecuniary benefits.

Details of the offenses are as follows:

a) Accounts opened in the name of the separately prosecuted Saeed Djalilvand Tehrani

| Case | Bank | Domicile | Account | Opened on: | Acct. bal. (EUR) | Date |
|---|---|---|---|---|---|---|
| 1 | Commerzbank | Frankfurt am Main | 613/115622300<br>5232249001958711 | 16.06.10<br>16.06.10 | -14,570.04<br>-3,655.74 | 07.01.11<br>12.04.11 |
| 2 | Targobank | Düsseldorf | 4509470007283222 (VISA) | 19.10.09 | -60.36 | 15.03.11 |
| 3 | Sparkasse | Aachen | 1070499114 | 15.10.09 | -6,934.65 | 10.01.11 |

b) Accounts opened in the name of the accused Fabian Jalilvand Tehrani:

| Case | Bank | Domicile | Account | Opened on: | Acct. bal. (EUR) | Date |
|---|---|---|---|---|---|---|
| 4 | Commerzbank | Frankfurt am Main | 613/115622300<br>5232249001958711 | 04.03.10<br>04.03.10 | -28,526.26<br>-18,758.55 | 31.03.11<br>13.12.10 |
| 5 | Sparkasse | Aachen | 1070573454 | 04.03.10 | -5,724.34 | 15.03.11 |

Case 6:

On May 06, 2010, the separately prosecuted Saeed Djalilvand Tehrani concluded a loan agreement (Number 6751364701) with Sparkasse Aachen, Friedrich-Wilhelm-Platz 1 – 4, covering EUR 281,000.00 that was paid out on May 12, 2010 following a plan of criminal action that was jointly conceived with the accused person Fabian Jalilvand Tehrani by fraudulently indicating the ability and the willingness to make payment, for the purpose of

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

financing a real estate object in Hauptstrasse 64 – 66, in Alsdorf that was purchased by virtue of a notary-certified purchase agreement dated March 24, 2010, by the separately prosecuted Birinci and his spouse, the witness Hayriye Birinci at a price of EUR 315,000.00. In the process, the separately prosecuted Saeed Djalilvand Tehrani stated in deliberate dishonesty and in accordance with the jointly conceived criminal plan that he was earning a net income of EUR 3,020.00 as an employee of the company 4U Facilities Services Management GmbH. To underscore these inaccurate statements, he submitted salary statements from the company 4U Facilities Services Management GmbH that were manipulated in advance by him and the accused Fabian Jalilvand Tehrani, in which the net salary was consistently shown as EUR 3,020.00 even though gross salary had been adjusted. According to the plan of criminal action, the separately prosecuted Birinci remitted back an amount of EUR 105,000.00 into the bank account of the accused Fabian Jalilvand Therani number 6131057322 with Commerzbank immediately after the disbursement of the loan of EUR 281,000.00 on May 12, 2010. The separately prosecuted Saeed Djalilvand Tehrani subsequently paid only the initial seven installments of the loan amounting to EUR 1,347.00 each and totaling EUR 9,429.00 as intended from the very beginning, by him and the accused Fabian Jalilvand Tehrani and subsequently discontinued payment completely.

Case 7:

On December 02, 2010 at about 12:10 hrs, the separately prosecuted Saeed Djalilvand Tehrani applied to Targo Bank in Großkölnstraße 64 – 66 in Aachen for an increase of the credit limit of his credit card No. 4509470007283222 from EUR 1,000.00 to EUR 5,000.00 in accordance with the criminal action that was planned in advance with the accused Fabian Jalilvand Tehrani by fraudulently indicating his willingness and ability to make payment. In the process, he – once again – submitted salary statements of the company 4U Facilities Services Management GmbH and of the successor company Top Quality Services GmbH, that were manipulated by him and the accused Fabian Jalilvand Tehrani preparatory to the submission and consistently showing a net salary of EUR 3,020.00 in spite of adjusted gross salary, as well as two employment contracts with the company 4U Facilities Services Management GmbH dated October 09, 2009 and a statement of income from the company 4U Facilities Services Management GmbH dated February 17, 2010, to deliberately and dishonestly feign the existence of an employment relation. In the talks held between the separately prosecuted Saeed Jalilvand Tehrani and staffs of Targo Bank to realize an increase in the credit card limit, the accused Fabian Jalilvand Tehrani acted as an interpreter. Targo Bank however did not approve the increase.

Case 8:

On January 28, 2011, the separately prosecuted Djalilvand Tehrani bought a private car

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

of the brand Nissan Juke with the official registration number AC-AH5094, from the company Automobilgruppe Dirkes Bonn GmbH in Bonn, Godesberger Straße 60 – 80. At the same time, the separately prosecuted Saeed Djalilvand Tehrani concluded a loan agreement covering the sum of EUR 22,699.94 with Nissan Bank domiciled in Mönchengladbach to facilitate the financing of the purchasing price by fraudulently misrepresenting his intentions to feign his willingness and ability to make payments, all on the basis of the criminal plan that was jointly conceived with the accused Fabian Jalilvand Tehrani. With the collaboration of the accused Fabian Jalilvand Tehrani, he submitted to Nissan Bank in this respect, a falsified statement of income from the company Top Quality Service GmbH dated December 20, 2010 to deliberately and dishonestly feign an existing working relation with the respective level of high income. As intended from the very beginning, they subsequently paid only the first four installments of the loan amounting to a total of EUR 1,509.16 and discontinued payment completely thereafter.

With the repeated commitment of the type of criminal offenses described above, the accused Fabian Jalilvand Tehrani acted on each occasion, with the intention of securing a source of income of sort in a specific scope on a permanent basis.

These actions are offenses of collusive (attempted) commercial fraud and the collusive commercial falsification of documents is punishable by sections 263, subsections 1 and 3, item 1, 267, subsections 1 and 3, item 1, 22, 23, 25, subsection 2, 52, 53 of the Penal Code.

He is strongly suspected of committing this offense on the basis of the results of investigations that have been carried out so far particularly in the aftermath of the information provided by the bank on the conclusion of the respective agreements and the bookings that were made. The separately prosecuted Saeed Djalilvand Tehrani has already been sentenced in a legally-binding manner, on the basis of a large part of the above-mentioned criminal offenses.

The statute of limitation has not yet set in for prosecution

The verbatim content of the aforementioned criminal provisions is as follows:

Section 22 of the German Criminal Code (Terminology): A criminal offense is deemed committed by whoever sets out to realize the offense after previously imagining the commitment of such an offense.

Section 23 of the German Criminal Code (Punishability of the attempt)

(1) The attempt to commit an offense is always punishable, the attempt to commit an offense is given only if the statute explicitly specifies same.
(2) and (3) ...

Section 25 of the German Penal Code (Perpetration of an offense):

(1) ...
(2) Should several persons commit the offense in a collusive manner, each individual will be punished as an offender (accomplice).

Section 52 of the German Penal Code (Concurrence of offenses):
(1) Should the offences be in violation of several criminal statutes or the same criminal statute severally, it will be reduced to a single penalty.
(2) Should several criminal statutes have been violated, the penalty will be determined on the basis of the statute that threatens the heaviest penalty. It shall not be milder than permitted by the other applicable statutes.
(3) and (4) ...

Section 53 of the German Criminal Code (Multiplicity of offenses)
(1) Should one person have committed several criminal offenses that are judged at the same time and which result in several imprisonments or several fines, they will be reduced to one overall punishment.
(2) to (4) ...
(1) Whoever commits the criminal offense personally or through another person, will be punished as a criminal offender.
(2) Should several persons have committed the criminal offense in a collusive manner, each person will be punished as a criminal offender (accomplice).

Section 263 of the German Criminal Code (Fraud)
(1) Whoever damages the property of a third party by inciting and maintaining an error through the fraudulent misrepresentation or distortion or suppression of real facts with the intention of unlawfully acquiring pecuniary benefits for himself/herself or another third party, shall be subjected to punishment by an imprisonment of up to five years or a fine.
(2) ...
(3) In particularly serious cases, the punishment shall be an imprisonment of six months to

Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

ten years. A particularly serious case shall usually be deemed given if a criminal offender acts
1. on commercial basis or as the member of a gang that is formed for the purpose of continually committing fraud or the forgery of documents,
2. to 5. ...
(4) to (7) ...

Section 267 of the German Penal Code (Forgery of documents):
(1) Whoever creates a non-authentic document, falsifies an authentic document or uses a non-authentic or falsified document for the purpose of deception in legal transaction shall be subjected to punishment by imprisonment of up to five years or a fine.
(2) ...
(3) In particularly serious cases, the penalty shall be an imprisonment of six months to ten years. A particularly serious case shall basically be deemed given if the offender acts
1. on commercial basis or as the member of a gang that is formed for the purpose of continually committing fraud or the forgery of documents,
2. to 4. ...
(4) ...

Section 78 of the Penal Code (Period of the statute of limitation)
(1) The statute of limitation excludes the punishment of an offense and the ordering of measures
§ 11, subsection 1, item 8). [...]
(2) [...]
(3) Should the prosecution be covered by the statute of limitation, the period of the statute of limitation shall be
1.-3. [...]
4. five years for offenses that are threatened with the maximum imprisonment in excess of one year and up to five years.
5. [...]
(4) The period shall be based on the penalty threatened by the statute, whose defined elements of crime establish the offense without consideration for intensifications or mitigations as are provided for in accordance with the regulations of the general aspect or for particularly serious or less serious cases.

There is a reason to keep him in custody to prevent escape in accordance with section § 112, subsection 2, item 1 of the Code of Criminal Proceedings because the accused is on the run.

INTRADUCT® Fachübersetzungen · Dolmetscherdienst
Postfach 10 17 10 · 44017 Dortmund · Tel. +49 (231) 95 20 45-0 · info@intraduct.de

The accused Fabian Jalilvand Tehrani is presently of unknown residence after search operations were previously carried out against him and his accomplice in this case. The accused Fabian Jalilvand Tehrani is thus on the run from criminal proceedings.

The principle of proportionality is given in ordering the confinement to investigative custody in the face of the amount of damages involved.

Signed: (Signature illegible)
Esselborn
Judge of the Local Court

Round stamp imprint:
LOCAL COURT OF AACHEN/(Emblem)/186

Bochum, May 08, 2014

I hereby certify the foregoing to be a true and correct translation from German into English

Friday Agbonlahor, M.A. • Landgericht Frankfurt a.M. • Ermächtigter Übersetzer • Allg. Beeidigter Dolmetscher • Englisch & Edo
316E-109-10

DISTRICT OF COLUMBIA, ss:

DECLARATION OF ELIZABETH M. KIINGI

I, Elizabeth M. Kiingi, declare and say as follows:

1. I am an Attorney-Adviser in the Office of the Legal Adviser of the Department of State, Washington, D.C. This office has responsibility for extradition requests, and I am charged with the extradition case of Fabian Jalilvand Tehrani. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaties in full force and effect between the United States of America and the Federal Republic of Germany, the Embassy of the Federal Republic of Germany has submitted Diplomatic Note number 114/2014, dated August 12, 2014, requesting the extradition of Fabian Jalilvand Tehrani. A copy of the diplomatic note is attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States of America and the Federal Republic of Germany are found in the Treaty Between the United States of America and the Federal Republic of Germany Concerning Extradition, signed on June 20, 1978 ("the 1978 Treaty"), the Supplementary Treaty to the Treaty Between the United States of America and the Federal Republic of Germany Concerning Extradition, signed October 21, 1986 ("the 1986 Supplementary Treaty"), and the Second Supplementary Treaty to the Treaty Between the United States of America and the Federal Republic of Germany Concerning Extradition, signed on April 18, 2006 (the "2006 Second Supplementary Treaty"). Copies of the treaties are attached to this declaration.

4. In accordance with Article 30 of the 1978 Treaty, the Government of the United States represents the interests of Germany in proceedings in U.S. courts arising out of extradition

15024012-2

# United States of America

## DEPARTMENT OF STATE

***To all to whom these presents shall come, Greetings:***

[illegible]ert[illegible]hat Elizabeth M. Kiingi, whose name is subscribed to the document hereunto annexed, w[illegible] th[illegible] of subscribing the same Attorney Adviser, Office of the Legal Adviser, Department of S[illegible] Un[illegible]tates of America, and that full faith and credit are due to her acts as such.

*T[illegible]tificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, John F. Kerry, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this seventeenth day of March, 2015.

Secretary of State

By

Assistant Authentication Officer,
Department of State

*Issued p[illegible]t to CHXIV, Sta[illegible] Sept. 15[illegible] 1 Stat. 68-69; [illegible] USC 26[illegible]USC 2651a; 5 U[illegible] 301; 28 [illegible]733 et. seq.; 8 U[illegible] 1443(f); [illegible]44 Federal Rules [illegible] Civil Pro[illegible]*

requests made by Germany, and Germany provides similar representation in its courts for extradition requests made by the United States.

5. The offenses for which extradition is sought are covered by Article 2 of the 1978 Treaty, as amended by Article 1 of the 1986 Supplementary Treaty.

6. Under Article 29 of the 1978 Treaty, as amended by Article 6 of the 2006 Second Supplementary Treaty, documents that bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State are admissible in extradition proceedings without further certification, authentication or other legalization. Therefore, such documents satisfy the authentication requirements for extradition without the need for certification by the U.S. Embassy in Berlin. Germany, in submitting documents in the instant case that bear the certificate or seal of the Ministry of Justice, has complied with the treaty's provision on authentication.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 17, 2015.

ELIZABETH M. KIINGI

Attachments:
1. Copy of note
2. Copy of treaties

Embassy
of the Federal Republic of Germany
Washington

RK 531 SE Tehrani

L/LEI
DEPARTMENT OF STATE
2014 AUG 12 P 2:11

## *Note Verbale 114/2014*

The Embassy of the Federal Republic of Germany presents its compliments to the U.S. Department of State and has the honor to transmit to the U.S. Government the extradition documents, affixed with string and seal, of the Leading Senior Prosecutor in Aachen/Germany, in accordance with Article 29 of the Extradition Treaty of June 20, 1978, between the Federal Republic of Germany and the United States of America, as amended in the second supplementary agreement of April 18, 2006.

The Government of the Federal Republic of Germany asks the Government of the United States of America to take the Swedish citizen Fabian Jalilvand Tehrani born in Teheran/Iran, on September 20, 1977, into temporary custody for the crime underlying the arrest warrant dated May 07, 2014 (file no.: 621 Gs 641/14) and to subsequently extradite him to Germany and, upon extradition, to inform the German authorities of how long the wanted person was held in custody in the United States solely due to the extradition request. The wanted person is possibly residing in the U.S. The Interpol Washington Office (ref. no.: 20120929605/CRK) informed that Mr. Tehrani presumably had filed a naturalization application with the Department of Homeland Security, A copy of his Swedish passport is attached.

The Embassy furthermore advises that charges were brought before the Local Court of Aachen against the wanted person on (attempted) collaborative commercial fraud on eight counts committed concurrently with the offense of collaborative commercial falsification of documents in three counts, for the crimes underlying the arrest warrant dated May 07, 2014 (file no.: 621 Gs 641/14).

It is possible to have the wanted persons picked up by German criminal police officers in the United States and to transfer them directly by air from the U.S. to Germany, at the expense of the German prosecuting authorities.

All additional information about the identity of the wanted person will be transmitted as it becomes available.

If the U.S. Government consents to the extradition, it is suggested that the wanted person be transferred by air at the expense of the German prosecuting authorities.

A copy of this Note Verbale and its judicial documents are included for the U.S. Department of Justice.

The Embassy of the Federal Republic of Germany avails itself of this opportunity to renew to the U.S. Department of State the assurances of its highest consideration.

Washington, D.C., August 12, 2014

BOTSCHAFT DER BUNDESREPUBLIK DEUTSCHLAND WASHINGTON 10

United States
Department of State
Washington, D.C.

Holograp image th changes colour an form whe tilted at different angles.

Positive an negative embossing with microt on the surfa of the page.

3a. Längd/Height/Taille
183 CM
Id No./N° nat. d'identité
1151

/Holder's signature/

<<<<<

1<<76




*TELEPHONE NO. FOR CHECK OF VALIDITY*
*SWEDISH POLICE +46 77 114 14 00*

**PASS**
**PASSPORT**
**PASSEPORT**

**SVERIGE SWEDEN SUÈDE**

Typ/Type/Type: P
Kod/Code/Code: SWE
Pass nr./Passport No./Passeport N°: [redacted]



1. Efternamn/Surname/Nom
JALILVAND TEHRANI

2. Förnamn/Given names/Prénoms
FABIAN

3. Nationalitet/Nationality/Nationalité
SVENSK SWEDISH SUÉDOISE

3a. Längd/Height/Taille
183 CM

4. Födelsedatum/Date of birth/Date de naissance
[redacted]

4a. Personnr/Personal Id No./N° nat. d'identité
[redacted]

5. Kön/Sex/Sexe
M/M

6. Födelseort/Place of birth/Lieu de naissance
[redacted]

7. Myndighet/Authority/Autorité
POLISMYNDIGHETEN I VÄSTRA GÖTALAND

8. Utfärdat/Date of issue/Date de délivrance
21 MAJ/MAY 10

9. Sista giltighetsdag/Date of expiry/Date d'expiration
21 MAJ/MAY 15

10. Innehavarens namnteckning/Holder's signature/Signature du titulaire

P<SWEJALILVAND<TEHRANI<<FABIAN<<<<<<<<<<<<<<

[redacted]

**PASS**
**PASSPORT**
**PASSEPORT**

## SVERIGE SWEDEN SUÈDE

**A guide to check the security features of the data page**




*TELEPHONE NO. FOR CHECK OF VALIDITY*
*SWEDISH POLICE +46 77 114 14 00*

**PASS**
**PASSPORT**
**PASSEPORT**

## SVERIGE SWEDEN SUÈDE



Typ/Type/Type: P
Kod/Code/Code: SWE
Pass nr/Passport No/Passeport N°: [redacted]

1. Efternamn/Surname/Nom: JALILVAND TEHRANI
2. Förnamn/Given names/Prénoms: FABIAN
3. Nationalitet/Nationality/Nationalité: SVENSK SWEDISH SUÉDOISE SWE
3a. Längd/Height/Taille: 183 CM
4. Födelsedatum/Date of birth/Date de naissance: [redacted]
4a. Personnr/Personal Id. No./N° nat. d'identité: [redacted]
5. Kön/Sex/Sexe: M/M
6. Födelseort/Place of birth/Lieu de naissance: [redacted]
7. Myndighet/Authority/Autorité: POLISMYNDIGHETEN I VÄSTRA GÖTALAND
8. Utfärdat/Date of issue/Date de délivrance: 21 MAJ/MAY 10
9. Sista giltighetsdag/Date of expiry/Date d'expiration: 21 MAJ/MAY 15
10. Innehavarens namnteckning/Holder's signature/Signature du titulaire

P<SWEJALILVAND<TEHRANI<<FABIAN<<<<<<<<<<<<<<
[redacted]

**PASS**
**PASSPORT**
**PASSEPORT**

## SVERIGE SWEDEN SUÈDE

**A guide to check the security features of the data page**




Transparent holographic image of a compass card that changes colour and form when tilted at different angles.

Compass card in the background, visible only in UV-light.

Perforated image of the passport holder. Visible when held against a light source.

The first 6 digits in field 4a that changes to the letters SWE when tilted.

Perforated passport number. Visible from the reverse when held against a light source.

Positive negativ emboss with mi on the of the p

*TELEPHONE NO. FOR CHECK OF VALIDITY*
*SWEDISH POLICE +46 77 114 14 00*

**PASS**
**PASSPORT**
**PASSEPORT**

## SVERIGE SWEDEN SUÈDE



Typ/Type/Type P
Kod/Code/Code SWE
Passnr./Passport No./Passeport N° [redacted]

1. Efternamn/Surname/Nom
JALILVAND TEHRANI

2. Förnamn/Given names/Prénoms
FABIAN

3. Nationalitet/Nationality/Nationalité
SVENSK SWEDISH SUÉDOISE

3a. Längd/
183

4. Födelsedatum/Date of birth/Date de naissance
[redacted]

4a. Personnr/Personal Id No./N° n
[redacted]

5. Kön/Sex/Sexe
M/M

6. Födelseort/Place of birth/Lieu de naissance
[redacted]

7. Myndighet/Authority/Autorité
POLISMYNDIGHETEN I VÄSTRA GÖTALAND

8. Utfärdat/Date of issue/Date de délivrance
21 MAJ/MAY 10

9. Sista giltighetsdag/Date of expiry/Date d'expiration
21 MAJ/MAY 15

10. Innehavarens namnteckning/Holder's Signature du titulaire

P<SWEJALILVAND<TEHRANI<<FABIAN<<<<<<<<<<<
[redacted]

[redacted]

From: Busch, Marcus
Sent: Thursday, April 16, 2015 2:20 PM

Dear Oliver,

I have reviewed the extradition request for Fabian Jalivand TEHRANI. It is well written, though I have some questions that perhaps will help me understand the scheme better.

1. The last sentence of the prosecutor¿s statement in Section II, first paragraph (page 2), ends with the phrase: ¿¿whereby the price of the object was clearly considered excessively overcharged.¿ I¿m not sure I understand what that means. In other words, was this house overvalued by the seller Kemal Birinci, and after the loan for EUR 281,000 was obtained, Birinci kicked back EUR 105,000 to TEHRANI after TEHRANI allegedly paid EUR 315,000? And then, TEHRANI only made loan payments in the amount of EUR 9,429 before defaulting on the loan? If so, this is a classic mortgage fraud case.

2. In cases 1-5, how was TEHRANI able to overdraw his bank accounts in such large amounts? Was there an opening balance on each account, or did he simply make withdrawals? And, what evidence is there that TEHRANI made the withdrawals?

3. In cases 1-5, and 7, did TEHRANI use his passport as identification to open the bank and credit card accounts? And is that the same passport that is attached to the request?

4. Finally, is there any witness from a bank or the credit card company who has identified his passport photo?

Best regards,
Marcus

Marcus Busch
Trial Attorney
Office of International Affairs
United States Department of Justice
[redacted]

Der Leitende Oberstaatsanwalt
in Aachen
[THE CHIEF PUBLIC PROSECUTOR IN AACHEN]

[COAT OF ARMS OF NORTH RHINE-WESTPHALIA]

Der Leitende Oberstaatsanwalt, Postfach 10 17 16, D-52017 Aachen

To the
competent judicial authority in the United States of America

Datum: 04/24/2015
Page 1 of 2

Case number:
**903 AR 67/12**
**(804 Js 1052/11)**
(Please state in reply)

Telephone: + 49 241 9425–53104
Fax: + 43 241 9425-83112

**Request for extradition**
**of the Swedish citizen,**
**Fabian Jalilvand Tehrani**

I am writing in reply to the questions put to me by the U.S. Department of Justice in its letter dated 04/16/2015, following my request for extradition of the Swedish citizen, Fabian Jalilvand Tehrani, dated 06/13/2014.

**Answer to question 1:**

The facts contained in the request are correct.

**Answer to question 2:**

We do not know why the banks concerned did not object to the transactions that were not covered. We do not have any information about any specific agreements in regard to an overdraft facility. These types of drawing limits are not unusual in the German banking system, however, if the bank records a flow of significant amounts of money, which was the case here. For example, under count 6), one Kemal Birinci transferred €105,000 to the account listed under count 4) on 05/12/2010. In addition, the money credited to the account had been shifted between the accounts.

The account owners were obviously judged as being reliable. Therefore, the account transactions were not checked regularly, and the missing amounts were not noticed until later.

Offices and delivery address:
- Justizzentrum Aachen -
[AACHEN JUDICIAL BUILDING]
Adalbertsteinweg 92
D-52070 Aachen
Telephone +49 241 9425-0
Fax +49 241 9425-83149
verwaltung@sta-aachen.nrw.de
www.sta-aachen.nrw.de

Office hours: Mon. - Fri. 8.30 a.m. - 12.00 p.m. Mon. - Thu. 2:00 p.m. - 3:00 p.m. and Fri. 2:00 p.m. - 2:30 p.m.

Public transportation: ASEAG [AACHEN BUS COMPANY] routes 12, 23, 55, among others, to Josefskirche/Justizzentrum

Bank details: Gerichtskasse Aachen [AACHEN COURT CASHIER], Deutsche Bundesbank, RTN 300 000 00, account no. 30001570
IBAN: DE16300000000030001570
BIC: MARKDEF1300

**Answer to question 3:**

The wanted person personally only opened up the accounts indicated under counts 4 and 5 of the warrant of arrest.

While opening the account listed under count 4, the accused presented a passport issued under the number 62727373. Within the scope of the investigation, we found the passport bearing the number 81099447. The latter had been applied for and issued although passport no. 62727373 was still valid.

The documents regarding the opening of the account listed under count 5 no longer exist. The documents that were seized during the search of the apartment on 05/18/2011, in particular the letter from the Sparkasse Aachen, which states that the wanted person allegedly presented his employment contract when he opened the account, are evidence that the wanted person opened and used the account.

The other accounts were opened by the wanted person's father. Based on the reasons presented in my letter dated 06/13/2014, in particular the various transfers between the accounts, the flow of money indicated under count 6, and the identified interpreter who accompanied the wanted person, the actions can be attributed to the wanted person.

**Answer to question 4:**

We have not (yet) found any witnesses at the bank who have identified the picture in the passport. However, German bank employees are obligated to verify the applicant's identity by checking his or her ID during the account opening process.

[ILLEGIBLE SIGNATURE] (Hammerschlag)

[ILLEGIBLE ROUND STAMP]

| | |
|---|---|
| Dortmund, June 09, 2015<br>As a sworn translator for the English language I hereby certify that I completed the above translation of the fax copy and that this translation is true and complete to the best of my knowledge. Translator: Kristina Maiwald, sworn translator in the judicial district of the Landgericht Frankfurt (FRANKFURT REGIONAL COURT), Ref. no.: 316 E 114 – 6 | Dortmund, 09. Juni 2015<br>Die Richtigkeit und Vollständigkeit vorstehender Übersetzung des mir als Faxkopie vorliegenden Dokuments aus dem Deutschen ins Englische wird hiermit bestätigt. Übersetzerin: Dipl.-Übersetzerin Kristina Maiwald, für den LG-Bezirk Frankfurt unter der Geschäftsnummer 316 E 114 - 6 ermächtigte Übersetzerin für Englisch. |

Kristina Maiwald ... LG-Bezirk Frankfurt Geschäftsnummer 316 E 114 - 6 ermächtigte Übersetzerin für Englisch ... 44 5817 ...

# CERTIFICATE OF SERVICE

I, Lien Ngo, declare:

That I am a citizen of the United States and a resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S FILING OF (1) REQUEST FOR EXTRADITION AND (2) REDACTED COPY OF FORMAL EXTRADITION PAPERS**

service was:

☒ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

Craig Harbaugh, DFPD

This Certificate is executed on June 10, 2016, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

[signature]

LIEN NGO